IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Case No. BK 21-80405 |
| | ) | |
| CASSI C. WIGINGTON, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**Order Partially Avoiding Judicial Lien of ContourMed, Inc.**

The debtor Cassi C. Wigington moved to avoid the judgment lien of ContourMed, Inc. on her home under 11 U.S.C. § 522(f). Patrick Turner appeared for the debtor. Matthew Rusch appeared for ContourMed. The debtor asserts the judgment lien impairs her homestead exemption. ContourMed agrees its lien is partially avoidable. The parties dispute the extent of the impairment, which depends upon the value of the real estate. The debtor asserts the value is $610,000. ContourMed asserts it is $670,000. ContourMed's valuation is supported by the evidence. The debtor did not meet her burden to establish a lesser value.

The debtor may avoid certain judicial liens to the extent they impair a homestead exemption. *See* 11 U.S.C. § 522(f)(1)(A). To avoid the lien the debtor must "(1) establish the creation of an avoidable lien under § 522(f)(1); (2) that affixed to exempted property under §522 (b); and (3) that impaired a debtor's claimed exemption in the property." *See In re Sawyers (David G. Waltrip, LLC v. Sawyers)*, 2 F.4th 1133, 1137 (8th Cir. 2021). The debtor has the burden of proof. *Id*.

The debtor filed her Chapter 7 petition on April 27, 2021. The parties stipulated that on the petition date, the debtor's home was subject to a first position mortgage lien of $454,264.50 and a second lien of $64,082.55. (Doc. #58). The debtor claimed and is entitled to a homestead exemption of $60,000 under Nebraska law. *See* Neb. Rev. Stat. § 40-101 *et seq*. ContourMed filed a proof of claim in the amount of $150,958.68. (Claim #16-1).

The only fact in dispute is the value of the debtor's home. The debtor and ContourMed each retained an appraiser to testify to value. Both appraisers used the sales comparison approach. Under this approach, the appraiser compares the property being appraised to similar properties recently sold. The debtor's appraiser, W. Bruce Wilke, valued the real estate at $610,000. (Doc. #75). He selected four comparable properties. He used two of the four comparable properties "to bracket and support the value conclusion". He determined a range of value of $596,500 to $638,000. The creditor's appraiser, John D. Bredemeyer, valued the real estate at $670,000. (Doc. #82). He selected three comparable properties and calculated a range

1

of $656,500 to $685,000. Mr. Bredemeyer bracketed the home size, not the price. Two comparable properties were selected by both appraisers.

Under the sales comparison approach, the appraiser adjusts the sale prices of the comparable properties based upon certain elements of comparison. (Doc. #75; Doc. #82). One element of comparison is quality of construction. This element accounts for differences in materials, not differences in condition. The appraisers adjusted this element of the two common comparable properties differently. Mr. Wilke reduced the comparable properties values by $70,000. He opined the quality of construction of the debtor's home was "good", while the quality of construction of the two comparable properties was "very good". He opined the two common comparable properties were "superior homes in the area but with inground pools like the Subject". His adjustment "reflects the superior ceiling treatments, cabinetry and trim the homes have." Mr. Bredemeyer did not adjust the comparable properties based upon quality of construction. After reviewing 40 to 50 pictures of the comparable properties, he opined the quality of all three properties was "good".

As to the $70,000 reductions, Mr. Wilke testified, generically, the comparable properties had "superior" ceiling volumes, ceiling treatments, trims, and cabinetry. But no specific evidence or testimony was offered as to how the ceiling treatments, cabinetry, and trim were "superior". On the other hand, there is evidence regarding the subject property. The living room of the debtor's home has crown molding. The great room has a beamed cathedral ceiling and built-in cabinets. The kitchen and baths were remodeled within the last ten years. The house has hardwood floors in several rooms. The backsplashes, the kitchen floor, and two showers are ceramic tile. The countertops are granite and quartz. Without additional information, the $70,000 reductions are not supported. As Mr. Bredemeyer testified, without the $70,000 quality of construction adjustments, the two common comparable properties supported Mr. Bredemeyer's valuation of $670,000.

The debtor contended the creditor's appraisal was not reliable because Mr. Bredemeyer did not bracket the valuation based upon price. The debtor's appraiser, Mr. Wilke, used the two non-common comparable sales "to bracket and support the value conclusion." He testified bracketing is a major factor and must be done when possible. He testified an appraiser should bracket based upon price because if an appraiser does not bracket by price, and all the comparable properties have a higher price, the final valuation can skew higher. Mr. Bredemeyer testified it was not appropriate to bracket based upon price. He bracketed based upon physical characteristics, such as size. Mr. Bredemeyer's appraisal properly brackets based upon physical characteristics. He selected properties with features were inferior, similar, and superior to the subject property's features.

Under § 522(f), only the portion of a judicial lien that impairs the exemption may be avoided by the debtor. *See In re Sawyers*, 2 F.4th at 1140. Section 522(f)(2)(A) contains the formula to calculate the extent to which a lien impairs a debtor's homestead exemption. The formula is:

>The amount of the judicial lien +
>The amount of all other liens on the property +
>The amount of debtor's homestead exemption absent any liens on property =
>Sum –
>The value of the debtor's interest in the property absent any liens =
>Extent of Impairment.

*Id.* (citations omitted). "The extent of the impairment is the amount that a creditor's lien will be avoided." *Id.*

As of the petition date, the debtor's claim is $150,958.58. Based upon this value, the debtor's exemption is impaired in the amount of $59,305.63, which amount is avoided:

| | |
|---|---|
| Judicial Lien | $ 150,958.58 |
| PLUS Mortgage Lien | $ 454,264.50 |
| PLUS 2nd Mortgage Lien | $ 64,082.55 |
| PLUS Homestead Exemption | $ 60,000.00 |
| Total | $ 729,305.63 |
| LESS Value of Property | $ 670,000.00 |
| Extent of Impairment | $ 59,305.63 |

Dated: March 2, 2022

BY THE COURT:

/s/ Brian S. Kruse
Brian S. Kruse
United States Bankruptcy Judge

Notice given by the court to:
*Patrick R. Turner
Matthew V. Rusch

Movant (*) is responsible for giving notice to other parties if required by rule or statute.